VACUUM ENGINEERING·CO. v. DUNN.

(District Court, S. D. New York. December 16, 1912.)

1. PATENTS (§ 79*)—VALIDITY—PREVIOUS USE IN FOREIGN COUNTRY.
    Under Rev. St. § 4923 (U. S. Comp. St. 1901, p. 3396), providing that, when a patentee at the time of his application believed himself to be the original and first inventor of the thing patented, the same shall not be held void on account of the invention or discovery "having been known or used in a foreign country before his invention or discovery thereof if it had not been patented or described in a printed publication," to defeat a patent on the ground of a prior foreign use, the foreign patenting or description in a printed publication must have been prior to the patentee's application.
    · [Ed. Note.—For other cases, see Patents, Cent. Dig. § 101; Dec. Dig. § 79.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—VACUUM CLEANER.
    The Dunn and Locke patents, No. 893,853 and No. 919,369, .each for a vacuum cleaner, were not anticipated and disclose invention; also *held* infringed.

In Equity. Suit by the Vacuum Engineering Company against Elias B. Dunn, doing business under the trade-name of Dunn's Improved Vacuum Systems. On final hearing. Decree for complainant.

Strong & Mellen, of New York City (L. F. H. Betts and John W. Peters, both of New York City, òf counsel), for complainant.

Prindle & Wright, of New York City (Edwin J. Prindle, of New York City, of counsel), for defendant.

HOLT, District Judge. This is a suit to enjoin the infringement of two patents, numbered 893,853 and 919,369, issued to Dunn and Locke, and by them conveyed to the complainant. Dunn, the defendant is one of the original patentees. He therefore is estopped from denying the validity of the patent upon any ground. He is not prevented however, from showing by the condition of the prior art that the patent is a narrow one, for the purpose of determining the question of infringement.

[1] In this case the defendant has put in evidence a number of patents of the prior art, but none of them shows any vacuum cleaner similar to the defendant's infringing cleaner. Previous patents either have saturating tanks distinct from the suction device, to avoid the necessity of using which is the principal object of the complainant's patent as stated in it, or they show no saturating chamber similar to that used in the complainant's device. The Mullen patent undoubtedly shows practically the vacuum pump operating horizontally as in the complainant's patent, but it has not the saturating chamber shown in the complainant's patent. The Schiodt patent has no such saturating chamber, nor does it operate as in the complainant's patent, by creating the vacuum above the normal level of the liquid. Moreover, in my opinion, the Schiodt patent could not be an anticipation of the first Dunn and Locke patent, No. 893,853, because it was granted about 14 months after Dunn and Locke applied for that patent. The defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant offered testimony to show that the invention of the Schiodt patent was made before the application for the Dunn and Locke patent, but it appears that the invention was made in a country foreign to the United States. Section 4923 of the Revised Statutes (U. S. Comp. St. 1901, p. 3396) provides, in substance, that, whenever an American patentee believes himself to be the first inventor of the thing patented, "the same shall not be held to be void on account of the invention or discovery or any part thereof, having been known or used in a foreign country, before his invention or discovery thereof, if it had not been patented or described in a printed publication." I think under this section an American inventor who in good faith believes that he is the first inventor cannot be deprived of his right to a patent by reason of any similar invention made by another person in a foreign country, unless it has been patented or described in a printed publication before the American application, and that the fact, if it be a fact, that it was invented in a foreign country earlier is immaterial.

[2] The defendant's infringement in my opinion is perfectly clear. His device is essentially the same as the device shown in the second patent to Dunn and Locke, No. 893,853, the only difference being that in the defendant's device two valves are used, performing precisely the same function as one valve in the Dunn and Locke second patent. The second patent to Dunn and Locke is based upon the same principle as the first patent to Dunn and Locke. The substantial difference between them is that in the first patent the pump is worked vertically, thereby exercising a suction creating a vacuum only at one end of the stroke of the piston, and in the second patent the pump is worked horizontally, creating a vacuum at each end of the stroke of the piston. In my opinion, the first four claims of the first patent and all the claims of the second patent are infringed.

There should be a decree for the complainant as demanded in the bill, with costs.